UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ROBERT S. CRAPO,                                           Case No. 14-30029-JKO
                                                           Chapter 7
     Debtor(s).
_____/

## RE-NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*

Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Debtor, Robert S. Crapo (the *"Debtor"*), by and through undersigned counsel, will examine **BENITO BERSON**, under oath on **Thursday, February 12, 2015 at 10:00 a.m.** at Meland Russin & Budwick, P.A., 200 South Biscayne Boulevard, Suite 3200, Miami, FL 33131.  The examination may continue from day to day until completed.  If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timey request to a mutually agreeable time.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be recorded by this method: **Orange Legal Court Reporters**.  The scope of the examination shall be as described in Bankruptcy Rule 2004.

Pursuant to Local Rule 2004-1 no order shall be necessary. [If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice.]

**X**  Production:  The examinee or your representatives, must also bring with you to the examination the documents, electronically stored information, or objects described on the attached **Exhibit A** (or if the examination is of a witness other than the debtor, on the attached subpoena), and must permit inspection, copying, testing, or sampling of the materials.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on January 6, 2015, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached list on **Exhibit 1**.

    s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

## EXHIBIT A

## INSTRUCTIONS

a. All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

b. As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

c. These requests encompass all documents in the responding party's custody, possession or control, whether or not such documents were prepared by or for such responding party. Where knowledge, information or documents in the responding party's possession, custody or control are requested or inquired of, such request or inquiry includes knowledge, information or documents in the possession, custody or control of each of responding party's employees, agents, accountants, attorneys, auditors, representatives and any other individuals or entities from whom the responding party could obtain documents.

d. If there is a claim that any privilege excuses production of any document or part thereof, the responding party must provide a log identifying each allegedly privileged document by title, type, date, author, recipients and subject matter, and state the privilege, and respond as fully as otherwise possible with all nonprivileged documents in whole or part.

e. When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

f. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

g. In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

h. If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

i. Unless another time period is specified, this Request is addressed to documents created since the year 1998.

## **DEFINITIONS**

a. "<u>You</u>", "<u>Your</u>" refers to the Person (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on your behalf, including your Representative (as defined below).

b. "<u>Materials</u>" shall mean all "Documents", "Writings", "Agreements", and "Communications" as those terms are defined herein.

c. "<u>Document(s)</u>" or "<u>Writing(s)</u>" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, or stored on any electromagnetic storage device, or reproduced by hand, including without limitation correspondence, memoranda, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contracts, agreements, confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, tape recordings, video cassettes and data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plans, printed materials of any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer, or represented by a computer program, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

d. "<u>Communication</u>" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

e. "<u>Representative</u>" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

f. "<u>Evidencing</u>" means having a tendency to show, prove or disprove.

g. The words "<u>and</u>" and "<u>or</u>" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Interrogatories any answer that might be deemed outside their scope by another construction.

h. "<u>Control</u>" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your

employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

i. "Related to" or "Relating to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

j. "Including" shall mean including but not limited to.

k. "Person" refers to any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust or other business enterprise, governmental body or agency, or governmental, public, legal or business entity, or group of natural persons or other entities whether *sui juris* or otherwise.

## **DOCUMENT REQUESTS**

1. All emails, letters, facsimiles between you and Robert Crapo or any person acting on Robert Crapo's behalf since 2005.

2. All emails, letters, facsimiles or other documents pertaining to 1010 SW 6 Ave Deerfield Beach, FL or 5032 NE 14 Ave, Pompano Beach FL.

3. All documents reflecting any monies lent or given to you by Robert Crapo since 2005.

4. All documents reflecting the disposition or use of the funds described in paragraph 3.

5. All documents reflecting or evidencing any amounts owed by any person to Robert Crapo.

**SERVICE LIST**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case and who therefore will be served via the Court's Notice of Electronic Filing:

- Michael A Dye    nasdmichael@gmail.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Lawrence E Pecan    lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Kenneth A Welt    fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net; court@trusteeservices.biz

**Exhibit 1**